UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DEAN ALLEN COCHRUN,<br><br>     Petitioner,<br><br>vs.<br><br>SOUTH DAKOTA, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>     Respondents. | 5:17-CV-05025-LLP<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court on petitioner Dean Allen Cochrun's *pro se* application for habeas relief pursuant to 28 U.S.C. § 2254. See Docket No. 1. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, Chief United States District Judge. This court has screened Mr. Cochrun's petition and concluded it must be dismissed.

**DISCUSSION**

Mr. Cochrun is in the custody of the state of South Dakota pursuant to a judgment of a South Dakota state court. His application for habeas relief is governed by 28 U.S.C. §§ 2254 and 2244. Section 2244 is of particular relevance to Mr. Cochrun's instant petition. It provides in relevant part as follows:

**§2244. Finality of Determination**

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless [it is based on new law that is retroactive to cases on collateral review, the facts for the claim could not have been discovered before, or the facts show the applicant could not reasonably have been found guilty]

\*\*\*

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Mr. Cochrun has previously filed a habeas petition pursuant to § 2254 with this court. See Cochrun v. Young, 5:14-cv-5066-LLP. Therefore, whether Mr. Cochrun's new petition fits within § 2244(b)(1) or (b)(2), whether that petition is permitted or prohibited, part (3)(A) of § 2244 requires Mr. Cochrun to obtain permission from the Eighth Circuit Court of Appeals before filing his new § 2254 petition. Mr. Cochrun has made no showing he has received permission from the Eighth Circuit Court of Appeals to file a second or subsequent writ of habeas corpus. As a result, this court is without jurisdiction to consider petitioner's request for relief. Williams v. Hopkins, 130 F.3d 333, 335-36 (8th Cir. 1997); Garrett v. Groose, 99 F.3d 283, 285-86 (8th Cir. 1996). Accordingly, this court concludes Mr. Cochrun's current petition

should be dismissed unless and until he satisfies the requirements of 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

Based on the foregoing law, facts, and analysis, this court respectfully recommends that Mr. Cochrun's habeas petition, Docket No. 1, be dismissed without prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 10th day of April, 2017.

BY THE COURT:

/s/ Veronica L. Duffy

VERONICA L. DUFFY
United States Magistrate Judge